EDWARDS, Judge.
Plaintiff, Wilfred M. Mason, brought this action ex delicto against defendants, Raymond J. Maestri, Noel Maestri Carpets, Inc. and State Farm Fire and Casualty Company. From a judgment entered on a jury verdict in favor of defendants, plaintiff appeals. We affirm.
Plaintiff's petition alleged that he was making a delivery to Noel Maestri Carpets, Inc. when he was struck by a forklift machine operated by Raymond Maestri. Plaintiff alleged that at the time of the accident Raymond Maestri, an employee of Noel Maestri Carpets, Inc., was acting in the course and scope of his employment. The asserted liability of State Farm Fire and Casualty Company was based upon its status as liability insurer of Noel Maestri Carpets, Inc.
Plaintiff’s brief fails to set forth any assignments of error. However, counsel for plaintiff asserts that the issue on appeal is whether the jury committed manifest error when it:
“... failed to properly apply the law as based on the evidence produced at trial by finding that the defendants were not negligent since the clear preponderance [sic] of the evidence (if not all of the evidence) indicated that the defendants were negligent.”
The form of the jury’s verdict does not reveal the basis for its decision in favor of the defendants. Thus, there is no basis for plaintiff’s assertion that the jury found Raymond Maestri’s actions free from negligence. In fact, the evidence in the record clearly establishes that Maestri was negligent in leaving the forklift unattended, on an inclined surface, with its motor running. Defendants did not seriously contest the issue of Maestri’s negligence.
However, defendants did contest plaintiff’s allegations that he was struck in the back by the boom of the forklift[1] and that he sustained an injury from that incident. The jury’s verdict in favor of defendants was apparently based upon its conclusion that plaintiff failed to carry its burden of proof on these issues.
Both Mason and Maestri testified with regard to the incident in question. Their versions of what happened differ in some substantial respects.
Mason testified that he backed his delivery truck, containing rolls of flooring material, up to the warehouse at Noel Maestri Carpets, Inc. Maestri then attempted to unload a roll of vinyl flooring with a forklift. According to Mason, Maestri inserted the boom into the roll of flooring, lifted it and moved it three or four feet out of the truck. Mason testified that Maestri then lowered the roll to the floor of the truck, backed the forklift away and got off. Mason stated that he could not figure out why Maestri did this unless he wanted to unload the roll by hand. Mason testified that he was standing inside the truck with his back to the open doors when he heard Maestri say “Oh, oh.” According to Mason, he looked around and saw the forklift rolling toward him. Mason testified that the forklift boom struck him in the back, causing the injuries complained of.
As stated earlier, Maestri’s testimony differs from that of Mason on some substantial points. Maestri testified that he never picked up the roll of vinyl, which he said was laying flat on the floor of the delivery truck. According to Maestri, he attempted to insert the boom into the roll but was prevented from doing so because another roll of flooring material was laying sideways on the floor of the truck, blocking access to the roll which was to be unloaded. Maestri testified that he backed the forklift away from the truck and got off in order to help Mason move the roll which was laying *358 sideways in the truck.[2] According to Maes-tri, he had positioned the forklift boom no higher than ten inches above the floor of the truck and left it at this height when he backed up. Maestri testified that as he climbed aboard the truck, he noticed the forklift “edging forward” and he got down and stopped it. Maestri estimated the forklift moved no more than eight to ten inches. According to Maestri, Mason was facing the forklift and the door of the truck when he (Maestri) noticed the forklift moving. Maestri turned his back on Mason when he went to stop the forklift. Maestri testified that when he returned to the truck, Mason was sitting on the sideways roll of vinyl, still facing the open doors, and told him that he had been hit in the back by the boom. There were no other witnesses to the incident.
It is obvious, from the testimony discussed above, that the jury was called upon to make a determination of witness credibility. The trier of fact is in a unique position to make such a determination. Apparently, the jury accepted Maestri’s account of the incident in question and concluded that Mason was not struck in the back by the forklift boom.
Under Maestri’s version of the incident, Mason could not have been hit by the boom as he claims. Maestri testified that he had positioned the boom no higher than ten inches above the floor of the truck. This is consistent, to a degree, with the testimony of Mason, who stated that Maestri lowered the roll of vinyl to the floor of the truck and then backed up. Mason did not say that Maestri then raised the boom. Thus, it is difficult to conceive how Mason, who was standing in the truck and is five feet nine inches tall, could have been struck in the back by the boom.
Furthermore, we note that the plaintiff’s credibility was called into question at trial. Plaintiff has a history of work-related back trouble and claimed that the incident in question aggravated a pre-existing condition.[3] Defendants established at trial that in April of 1976, plaintiff injured his lower back while working for Cole Manufacturing Company. After that accident, plaintiff entered into a settlement with his employer’s workmen’s compensation insurer. In his deposition and at trial, when relating his employment and medical history, plaintiff failed to mention Cole Manufacturing Company or his injury.
When questioned at trial, plaintiff denied ever having worked for Cole Manufacturing Company. He likewise denied ever having been injured or making a workmen’s compensation settlement with Cole or its insurers. Finally, when confronted with proof of his employment by Cole, his injury and the subsequent settlement, plaintiff contended that he then remembered his employment by Cole, but not his injury or the settlement. Plaintiff further testified that he did not remember consulting with Dr. Morris Fisher, although defendants introduced proof that Mason had made 40 visits to Dr. Fisher for treatment of his April, 1976 injury. Plaintiff blamed his memory difficulty on his experiences in the Vietnam War.[4] Clearly, the net effect of this evi *359 dence is to cast grave doubts upon plaintiff’s veracity or the quality of his memory. In either event, plaintiff’s credibility was seriously undermined at trial.
We hold that there was evidence before the jury which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for its finding in favor of defendants and our review of the record establishes that this finding is not clearly wrong. Arceneanx v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So .2d 716 (La.1973).
For the foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings are assessed against plaintiff-appellant.
AFFIRMED.

. Testimony at trial established that the forklift operated by Maestri was equipped with a special boom for the handling of rolls of carpet and flooring material. This boom consisted of a single long metal pole which is inserted into the hole in the center of a roll, allowing the forklift operator to lift the roll from its end.

. According to Maestri, he got off the forklift to help Mason move the roll because Mason had told him earlier that he had recently been released from the hospital following a hernia operation. Maestri also testified that Mason told him he had back trouble.

. In April of 1976, plaintiff injured his back while employed by Cole Manufacturing Company. In November of 1977, plaintiff sustained an injury to his lower back while lifting a roll of carpet. After both of these injuries, plaintiff reached settlements with his employers’ workmen’s compensation insurers.
In June of 1978, as a result of the latter injury, a bilateral discectomy was performed at the L-5 S-l location on his spine. In March of 1978, spinal fusion of L-5 S-l was performed. Plaintiff contends that the accident which he alleges to have occurred aggravated his preexisting condition and made the spinal fusion necessary.

.Dr. Henry Miles, a psychiatrist who works for the Veterans Administration, testified that Mason had been hospitalized in 1971 upon his return from Vietnam for a nervous condition which was originally diagnosed as schizophrenia. Plaintiff has had a history of intermittent psychiatric treatment by the V.A. since that time, all related to his nervous condition which includes symptoms of flashbacks, hearing *359 voices, nervousness and depression. Plaintiff claims that his alleged injury caused his nervous condition to worsen.